UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tiffany Johnson,

    Plaintiff,                                    Case No. 10-15130

v.                                                  Hon.  Sean F. Cox

Patrick R. Donahoe, Postmaster General,
United States Postal Service

    Defendant.
_____/

OPINION & ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS

In this action, Plaintiff, proceeding *pre se*, alleges gender discrimination against her former employer, the Postmaster General.  The matter is currently before the Court on Defendant's Motion to Dismiss.  The parties have briefed the issues and the Court declines to hold oral argument pursuant to Local Rule 7.1(f)(2).  For the reasons below, the Court shall **GRANT** Defendant's motion.

BACKGROUND

On or about December 27, 2010, Plaintiff filed this action against the Postmaster General ("Defendant"), alleging gender discrimination.  Plaintiff attached two letters to her complaint.  The first letter, which appears to be directed toward the Court, is dated December 27, 2010, and alleges that Plaintiff was not fully compensated for the time she worked with the USPS.  This letter does not make any allegations of gender discrimination.  The second letter, dated June 22, 2010, is addressed to the Office of Federal Operations, and alleges that Plaintiff was not treated fairly because she was not fully paid for time that she worked, but that a male co-worker was

1

paid even though "he did not work 90 days."

On May 15, 2011, Defendant filed a motion to dismiss. (Doc. No. 10).

Neither Plaintiff's complaint, nor Plaintiff's response brief to Defendant's motion, contain any facts relating to the claims alleged. The following facts are taken from the undisputed documentary evidence submitted by the parties.

From July 2006 to June 2007, Plaintiff worked as a temporary United States Postal Service ("USPS") carrier at the Old Redford Carrier Annex of the Detroit Post Office. (Def's Br. at 1). Over two years later, on February 3, 2010, Plaintiff contacted the USPS EEO Dispute Resolution Office, alleging gender discrimination. (*Id.*, Ex. A).

## LEGAL STANDARD

Defendant brings his motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must treat all well-pleaded allegations in the complaint as true. *Kostrzewa v. City of Troy*, 247 F.3d 633, 638 (6th Cir. 2001). In order for a complaint to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[f]actual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). Dismissal is only proper if, based upon the pleadings, the plaintiff does not have a "reasonably founded hope" of making his or her case. *Twombly*, 550 U.S. at 555.

## ANALYSIS

2

Defendant's sole contention is that Plaintiff failed to exhaust her administrative remedies when she did not contact an EEO counselor within 45 days of the alleged discriminatory action.

As an employee of the USPS, Plaintiff was an employee of the federal government. "The right to bring an action under Title VII regarding equal employment [opportunity] in the federal government is predicated upon the timely exhaustion of administrative remedies, as set forth in [the EEOC regulations]." *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir.1991).

Pursuant to 29 C.F.R. § 1614.105(a)(1), "Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information. . . must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." Moreover, "[f]ailure to timely seek EEO counseling is grounds for dismissal of the discrimination claims." *Hunter v. Secretary of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009).

As stated above, Plaintiff alleges gender discrimination from July 2006 to June 2007. Plaintiff, however, did not contact an EEO Counselor until February 3, 2010. (*See* Information for Pre-Complaint Counseling, Def's Br. Ex. A).

In her response, rather than address the timeliness issues presented in Defendant's motion, Plaintiff merely states, "Reason for why the Defendant motion for dismissal should not be granted" and attached countless time cards, presumably from her employment with the USPS. Plaintiff provides no explanation for her two-year delay in contacting an EEO Counselor. As a result, Plaintiff's Complaint must be dismissed for failure to exhaust her administrative remedies.

CONCLUSION

For the reasons stated above, it is HEREBY ORDERED that Defendant's motion is GRANTED. Accordingly, Plaintiff's complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.


Dated: October 24, 2011          S/ Sean F. Cox
                                 Sean F. Cox
                                 U. S. District Court Judge


I hereby certify that on October 24, 2011, the foregoing document was served upon counsel of record by electronic means and upon Tiffany Johnson by First Class Mail at the address below:

Tiffany Johnson
22401 Haynes
Farmington Hills, MI 48336


Dated: October 24, 2011          S/ J. Hernandez
                                 Case Manager